IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEDRO J. VILLEGAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:09cv1152-TMH |
| | )             (WO) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Before the court is petitioner Pedro J. Villegas's ("Villegas") *pro se* petition for a writ of habeas corpus, as amended, brought pursuant to 28 U.S.C. § 2241.  When he filed his petition, Villegas was incarcerated at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), serving a 96-month sentence imposed in 2005 by the United States District Court for the District of Puerto Rico, upon his conviction for conspiracy to possess with intent to distribute cocaine.  Villegas contends that the Federal Bureau of Prisons ("BOP") violated the Second Chance Act[1] by failing to consider the mandated statutory criteria when determining the duration of his placement in a residential reentry center ("RRC") for the final portion of his federal sentence.  He maintains that the BOP arbitrarily and capriciously denied the 12 months of RRC placement he requested.

After reviewing Villegas's petition as amended, the supporting and opposing

---

[1]*See* the Second Chance Act of 2007, Pub.L. 110-199, 122 Stat. 657 (Apr. 9, 2008).

submissions, and the record in this case, the court concludes that the petition is due to be denied.

## II. DISCUSSION

The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment."[2] *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *see Wood v. Outlaw*, No. 2:09CV00010 JTR, 2010 WL 3417811, at *2 (Aug. 26, 2010) ("Among other things, the Act extended the maximum allowable RRC placement from 6 months to 12 months."). Pursuant to the Act, BOP staff is directed to review inmates for RRC placement 17 to 19 months before their projected release date and to consider inmates on an individual basis using the following five factors set forth in 18 U.S.C. § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of

---

[2]In relevant part, the Act states:

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission.[3]  *See* 18 U.S.C. § 3621(b)(1)-(5).

Under these statutes, all the BOP is obligated to do is to consider an inmate's request for RRC placement and apply the appropriate factors. *See Brown v. Rios*, No. 08-5752, 2009 WL 5030768, at *8 (D. Minn. Dec. 14, 2009) (all that the Petitioner is entitled to, under [18 U.S.C. § 3624(c) ] is an individualized evaluation of the appropriate RRC placement for his reentry, in light of the specific factors outlined in Title 18 U.S.C. § 3621(b)."); *Reid v. Dewalt*, No. 09-CV-19-KKC, 2009 WL 383404, at *6 (E.D. Ky. Feb. 11, 2009) (the "Second Chance Act does not ... mandate that every federal prisoner is entitled to twelve-months, or even six-months, in pre-release CCC status"); *Safa v. Phillips*, No. 5:07CV154, 2008 WL 2275409, at *1 (N.D. W.Va. Jun. 2, 2008) ("Inmates are not entitled to six months CCC placement, rather they are entitled to have their placement considered in accordance with the five factors enumerated in 18 U.S.C. § 3621(b).").

Unless the BOP refuses to consider the § 3621(b) factors in making RRC placement decisions or refuses under any circumstance to consider an inmate for RRC placement beyond six months, the decision as to how long a particular inmate will be placed in an RRC is left to the BOP's discretion, and that decision will not be disturbed by the federal courts. *Huggins v. Pastrana*, No. 09-22635, 2010 WL 4384211, at *4 (S.D. Fla. Sep. 22, 2010)

---

[3]The Act also requires the BOP to issue regulations that shall ensure placement in an RRC by the BOP is (1) conducted in a manner consistent with § 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the greatest likelihood of successful integration into the community.  *See* 18 U.S.C. § 3624(c)(6)(A)-(C).

(citing *Moncrieffe v. Yost*, No. 09-4418, 2010 U.S.App. LEXIS 4567, at *6-7 (3d Cir. Mar. 4, 2010)).

Villegas contends that the BOP failed to consider in good faith the mandated statutory criteria when determining the duration of his placement in an RRC and thereby arbitrarily and capriciously denied the 12 months of RRC placement he requested. (Doc. Nos. 1 & 2.)

Since filing his habeas petition, Villegas has apparently completed the incarceration portion of his federal sentence.[4]  Villegas's objective in filing his petition was to obtain placement in an RRC for a period longer than the final six months of his sentence. Therefore, the issues presented in this case are moot, as this court can no longer give Villegas meaningful relief as to his claims regarding his placement in an RRC.  Even if a federal prisoner should prevail on his RRC claims, "he would be entitled only to 'an order requiring the BOP to consider – in good faith – whether or not [he] should be transferred to [an RRC]' on an individualized basis in light of the statutory factors."  *Moncrieffe v. Yost*, No. 09-4418, 2010 U.S.App. LEXIS 4567, at *6-7 (3d Cir. Mar. 4, 2010) (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005)).  "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002).  Because this court can no longer give Villegas meaningful relief as to his claims regarding his placement

---

[4]*See* BOP website, Inmate Locator:
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needing MoreList=false&IDType=IRN&IDNumber=24165-069&x=0&y=0 .

in an RRC, the court finds that his claim should be dismissed as moot.

In any event, Villegas fails to demonstrate that his claims are meritorious. The record before the court establishes that the BOP at FPC Montgomery complied with the requirements of 18 U.S.C. §§ 3621 and 3624 in considering Villegas's placement in an RRC. On or around May 27, 2009, Villegas filed an Inmate Request to Staff, requesting to be transferred to an RRC to serve the final 12 months of his sentence. Thereafter, in accordance with the Second Chance Act and BOP policies, Clarence Morris, Villegas's case manager at FPC Montgomery, evaluated Villegas for RRC placement and recommended that Villegas be placed in a halfway house for a maximum of 180 days (6 months).[5] (*Morris Declaration*, Doc. No. 21-12, at 4-7.) In reviewing Villegas's request for RRC placement, Morris has given sworn testimony that he considered all the factors listed in 18 U.S.C. § 3621(b) – his consideration of which is set forth in detail in his Declaration – after which he concluded as follows:

> Based on all of the above factors, it appeared inmate Villegas has few transitional needs, and he does not need a long period of time in an RRC to adjust to being released an successfully integrating back to the community. Therefore, I determined an RRC placement of 180 days would be of sufficient duration to provide the greatest likelihood for successful reintegration into the community.

(*Id*. at 7.)

Based on the foregoing, this court finds that BOP authorities made an individualized evaluation of the appropriate RRC placement, in light of the specific factors outlined in 18 U.S.C. § 3621(b), in making their recommendation with regard to Villegas. This is all that the Second Chance Act requires. *See Banks v. Pearson*, Nos. 5:09cv148-DCB-MTP, 5:09cv174-DCB-MTP, 2010 WL 2817180, at *4 (S.D. Miss. Mar. 22, 2010) ("The record before the court establishes that the BOP considered the appropriate factors – which is all

---

[5]The Warden of FPC Montgomery has designated unit team members such as case managers to make halfway house determinations on an individual basis.

it was required to do."); *Wilson v. Keffer*, No. 08-1961, 2009 WL 1230020, at *5 (W.D. La. May 5, 2009) ("the available evidence establishes that the prison authorities complied with the requirements of 18 U.S.C. §§ 3621 and 3624 in making their recommendation, and thus petitioner, who bears the burden of proof as to this issue, has not established that his custody violates the Constitution or laws of the United States"). Consequently, Villegas fails to establish that the BOP did not consider in good faith the mandated statutory criteria when determining the duration of his placement in an RRC.

A secondary argument raised by Villegas, in an amendment to his petition, is that 42 U.S.C. § 17541 was created as part of the Second Chance Act to require the BOP to provide incentives for prisoners to participate in skills development programs and that his participation in skills development and/or reentry programs while incarcerated gave him a statutory right to maximum RRC placement pursuant to § 17541(a)(1)(G).[6] (Doc. Nos. 12,

---

[6]In pertinent part, § 17541 states:

(a) In general
The Attorney General, in coordination with the Director of the Bureau of Prisons, shall, subject to the availability of appropriations, conduct the following activities to establish a Federal prisoner reentry initiative:

> (1) The establishment of a Federal prisoner reentry strategy to help prepare prisoners for release and successful reintegration into the community, including, at a minimum, that the Bureau of Prisons– [...]
>
>> (G) provide incentives for prisoner participation in skills development programs.
>
> (2) Incentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director,

(continued...)

12-1 & 12-2.) First, the Declaration of Clarence Morris, Villegas's case manager at FPC Montgomery, reflects that Morris considered the fact that Villegas had "participated in several institution education courses" in arriving at a recommendation regarding Villegas's request for RRC placement. (*Morris Declaration*, Doc. No. 21-12, at 5.) Furthermore, the statutory language clearly provides that any incentive is "at the discretion of the Director." *See* § 17541(2)(A). Therefore, the statute does not *entitle* inmates to maximum RRC placement upon completion of a skills development or reentry program. *See Brown v. Rios*, No. 08-5752, 2009 WL 5030768, *7 (D. Minn. Dec. 14, 2009) (finding that § 17541 "does not require that the BOP make maximum RRC placement an incentive for participating in a reentry program ... Rather, the Statute merely authorizes the BOP to make maximum RRC placement an incentive, in its own discretion"); *Loving v. Batts*, No. 1:10–0195, 2010 WL 7329499, *5-6 (S.D. W.Va. Oct. 26, 2010) (same); *see also Crim v. Benov*, No. 1:10–cv–01600–OWW–JLT HC, 2011 WL 1636867, *6-11 (E.D. Cal. Apr. 29, 2011); *Sessel v. Outlaw*, No. 2:08cv00212 JMM, 2009 WL 1850331, *5-6 (E.D. Ark. Jun. 25, 2009). Villegas's claim that he is *entitled* under § 17541 to maximum RRC placement based

---

[6](...continued)
include–

    (A) the maximum allowable period in a community confinement facility; and

    (B) such other incentives as the Director considers appropriate (not including a reduction of the term of imprisonment).

7

on his participation in skills development and reentry programs is without merit.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 6, 2011**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Boyington Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 22nd day of November, 2011.

      /s/Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE